IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | |
| Rebbecca Sue Streubel, | ) | Bankruptcy Case #14-30316 |
| | ) | |
|     Debtor | ) | |
| | ) | |
| Rebbecca Sue Streubel, | ) | ADV case # 14-03029 |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| Ardmore Finance Corporation | ) | |
| | ) | |
|     Defendant. | ) | |

### STATEMENT PURSUANT TO BANKRUPTCY RULE 9027(e)(3)

COMES NOW Plaintiff, Rebbecca Sue Streubel, by and through undersigned counsel, and for her Statement Pursuant to Bankruptcy Rule 9027(e)(3), states as follows:

1. That on April 7, 2014, Defendant Ardmore Finance Corporation filed a Notice of Removal pursuant to 28 U.S.C. 1452(a), removing a putative class action, in which Plaintiff Rebbecca Sue Streubel is named as the putative class representative, from Madison County, Illinois, to the Bankruptcy Court for the Southern District of Illinois.

2. That the putative class action alleges three counts against Defendant Ardmore Finance Corporation, each for violations of the Illinois Wage Assignment Act, 740 ILCS 170/1 *et seq*. See Class Action Complaint attached to Defendant Ardmore's Notice of Removal.

3. That the three violations of the Illinois Wage Assignment Act alleged by Plaintiff against Defendant Ardmore Finance Corporation occurred before the filing of her bankruptcy petition on February 28, 2014.

4. That Federal Rule of Bankruptcy Procedure 9027(e)(3) states:

> Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than 14 days after the filing of the notice of removal. Any party who files a statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action.

5. That Plaintiff states that the allegations contained in the Class Action Complaint are not core proceedings, in that they are purely state law claims that do not arise in or under a case under Title 11.

6. That Plaintiff also states that she does not consent to the entry of final orders or judgments by the bankruptcy judge.

7. 28 U.S.C. 157(b)(2) enumerates a non-exhaustive list of "core" proceedings, none of which address or involve Plaintiff's pre-petition state law claims against Defendant Ardmore.

8. The 7th Circuit Court of Appeals, in determining that the debtors' claims "arose in" a Title 11 case, and therefore were core proceedings, stated that "arising in" cases were "generally defined as administrative matters that arise *only* in bankruptcy cases," and looked at whether the "claims would have no existence outside of the bankruptcy," or were "predicated on the defendants' participation in the debtors' bankruptcies." *Ortiz v. Aurora Health Care, Inc.*, 665 F.3d 906, 911 (7th Cir. 2011)

9. In the instant case, it is clear that Plaintiff's pre-petition state law claims exist independently of the bankruptcy, and that they are not administrative matters of the bankruptcy case, and that they are not predicated upon the Defendant's participation in Plaintiff's bankruptcy. They are simply ordinary state law claims between private parties that would be

litigated in state court regardless of whether Plaintiff filed a bankruptcy or not, and as such, are not core proceedings.

WHEREFORE, Plaintiff Rebbecca Sue Streubel, respectfully submits this Statement Pursuant to Federal Bankruptcy Rule 9027(e)(3) to this honorable Court, and requests this Court enter an Order finding the removed cause of action to not be a core proceeding, and for any such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Shari L. Murphy
Shari L. Murphy # 6279670
Attorney for Plaintiff
P.O. Box 136
Wood River, IL  62095-0136
618-797-8888 office
618-576-6239 fax

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | |
| Rebbecca Sue Streubel, | ) | Bankruptcy Case #14-30316 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Rebbecca Sue Streubel, | ) | ADV case # 14-03029 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Ardmore Finance Corporation | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE BY MAIL

On April 18, 2014, the undersigned electronically filed with the Clerk of the U.S. Bankruptcy Court the Statement Pursuant To Rule 9027(e)(3).

The Plaintiff served electronically the Statement Pursuant To Rule 9027(e)(3) to the U.S. Trustee, U.S. Bankruptcy Court, and the following parties by mail:

Ted L. Perryman
Roberts, Perryman, P.C.
1034 South Brentwood Blvd., Suite 2100
St. Louis, MO  63117

by depositing a true copy of same, enclosed in a postage paid properly addressed envelope, in a Wood River City branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

  /s/ Shari L. Murphy