## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| Rebbecca Sue Streubel, | ) | |
| | ) | BK 14-30316-lkg |
| Debtor(s), | ) | |
| | ) | |
| Rebbecca Sue Streubel | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | ADV |
| v. | ) | 14-03029-lkg |
| | ) | |
| Ardmore Finance Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### ARDMORE FINANCE CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF/DEBTOR'S MOTION TO REMAND

Plaintiff/Debtor Rebbecca Streubel seeks remand on the basis that: 1) removal was defective in not complying with Bankruptcy Rules 7007.1 and 9027(a)(1); 2) the court lacks subject matter jurisdiction; 3) the court should exercise mandatory abstention under 28 U.S.C. §1334(c)(2); or 4) in the alternative the court should exercise discretionary abstention under 28 U.S.C. §1334 (c)(1) and equitable remand under 28 U.S.C. §1452(b).

### A.    COMPLIANCE WITH RULE 7007.1 AND RULE 9027(A)(1)

Rule 7007.1 states any corporation that is a party to an adversary proceeding shall file a statement that identifies any corporation that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision. The court ordered Ardmore to provide the required statement within fourteen days of the courts order. Ardmore inadvertently failed to file the required statement. On May 12,

2014 Ardmore corrected this oversight.  A failure to file a corporate disclosure statement is not jurisdictional to removal and not a basis for remand.

Plaintiff/Debtor also complains that Ardmore failed to include in the notice of removal a statement of whether the removed proceeding is a core or non-core proceeding as required by Bankruptcy Rule 9027(a)(1).  The failure to provide this statement is not jurisdictional and does not invalidate removal.  *See* Kirk v. Hendon (In re Heinsohn), 231 B.R. 48, 52-53 (Bankr. E.D. Tenn. 1999), *affd.* 247 B.R. 237 (E.D.Tenn. 2000).

The cases cited by Plaintiff on the issue of waiver all relate to a non-removing party's Rule 9027(e)(3) statement admitting or denying any allegation in the notice of removal that the claim or cause of action is a core or non-core proceeding.  One can understand that there may be waiver where the non-removing party does not admit or deny whether the claim or cause of action is a core or non-core proceeding.  However, the issue here is the initial Rule 9027(a)(1) statement of whether the claim or cause of action is a core or non-core proceeding.  The notice of removal is not defective if the court can determine from the notice of removal whether the claim or cause of action is a core or non-core proceeding.  Further, Defendant has filed a motion for leave to amend its notice of removal to supply this information and the court should grant leave freely.

Plaintiff's reliance on Things Remembered v. Petraca, 516 U.S. 124 (1995) I also misplaced.  Things Remembered did not hold that timely raised defects in the removal procedure required remand.  Rather, it held that that a district court's order of remand is not reviewable whether the removal is through 28 U.S.C. §1441 or 28 U.S.C. §1452(a).  516 U.S. at 129.

**B.     SUBJECT MATTER JURISDICTION**

Plaintiff has put the cart before the horse.  The court has not yet confirmed a final plan.

Until that time the court has jurisdiction to hear and rule on the matters presented to the court.

**C.     MANDATORY ABSTENTION UNDER 28 U.S.C.1334(c)(2)**

Plaintiff's next argument is that the court should abstain from hearing the removed claim

or cause of action under 28 U.S.C. §1334(c)(2), which states:

> "*Upon timely motion of a party in a proceeding based upon a State law
> claim or State law cause of action, related to a case under title 11 but not
> arising under title 11 or arising in a case under title 11, with respect to
> which an action could not have been commenced in a court of the United
> States absent jurisdiction under this section, the district court shall
> abstain from hearing such proceeding if an action is commenced, and can
> be timely adjudicated, in a State forum of appropriate jurisdiction.*"

The Ninth Circuit Court of  Appeals has held that mandatory abstention under 28 U.S.C.

§1334(c)(2) does not apply to cases removed from state court because there is no longer a

pending state action.  In re Lazar, 237 F.3d 967, 972-73 (9th Cir. 2001).  Other circuits have

rejected this approach; Stoe v. Flaherty, 436 F.3d 209, 216 (3rd Cir, 2006); Mt. McKinley Ins.

Co. v. Corning Inc.; 399 F.3d 436, 446-47 (2d Cir. 2005); Christo v. Padgett, 223 F.3d 1324,

1331 (11th Cir. 2000); In re Southmark Corp., 163 F.3d 925, 929 (5th Cir. 1999); Robinson v.

Mich. Consolidated Gas Co., 918 F.2d 579, 584 n. 3 (6th Cir. 1990).  The Seventh Circuit has

not ruled on this issue, but the United States District Court has followed the five Circuits who

have rejected In re Lazar.  *See* Can. Life Assur. Co. v. Bank of Am., 2006 U.S. Dist. Lexis 6781

*9 (N.D. Ill. Feb.21, 2006).

The first issue is whether the state claim or cause of action is related to the case or arises under title 11 or arises in a case under title 11.  "A case "arise[s] under" the bankruptcy laws or "arise[s] in" a bankruptcy case if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."   Barnett v. Stern, 909 F.2d 973, 980 (7th Cir. 1990).  In essence this is the definition of a core proceeding. The removed claim relates to the same subject matter of the allowance or disallowance of claims against the estate, i. e. the July 15, 2013 loan debt, or exemptions from property of the estate (in Section II of Plaintiff's motion she claims any recovery in the removed claim would be exempt property).  If this court determines that the removed claim arises under the bankruptcy laws or arises in a bankruptcy case, then it is not subject to mandatory abstention.

A case is "related to" a bankruptcy proceeding if the dispute "affects the amount of property for distribution or the allocation of property among creditors." In re FedPak Sys., Inc., 80 F.3d 207, 214 (7th Cir. 1995).  One could argue that the removed claim will affect the size of the estate and affect the allocation among creditors.

Even if this is a related claim, Plaintiff must meet the second prong of 28 U.S.C. §1334(c)(2) and demonstrate that the State claim can be timely adjudicated.  Can. Life Assur. Co. v. Bank of Am., 2006 U.S. Dist. Lexis 6781 *10 (N.D. Ill. Feb.21, 2006).  To determine whether an action can be timely adjudicated in the state forum, courts examine "(1) the backlog of the state court's calendar, (2) the status of the bankruptcy proceeding; (3) the complexity of issues; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." Id.  As the court is aware the Circuit Circuit of Madison County is one of the busiest circuits in the state of Illinois.  A state court proceeding would prolong the administration and liquidation of the estate.

4

For the above reasons the court should decline to exercise mandatory abstention under 28 U.S.C. §1334(c)(2).

**D.    DISCRETIONARY ABSTENTION U NDER 28 U.S.C. 1334(c)(1) AND   EQUITABLE REMAND UNDER 28 U.S.C. 1452(b)**

Discretionary abstention under 28 U.S.C. § 1334(c)(1) allows the court to abstain in the interests of justice or in the interest of comity or out of respect for state law. In re Mill-Craft Building Systems, Inc., 57 B.R. 531, 534-35 *(*Bankr. E.D. Wisc. 1986).  "Courts have weighed many factors in determining whether abstention is appropriate under § 1334(c)(1) including: (1) the effect or lack thereof on efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy  court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and (11) the presence of nondebtor parties." Citicorp Savings of Ill. V. Chapman, 132 B.R. 153, 157-58 (Bankr. N.D. Ill. 1991).

As stated under the section for mandatory a state court action may impact the efficient administration of the estate.  The application of the law is not difficult or unsettled in a manner that would favor the state courts.  The jurisdiction of the state law claim is based on it being a core proceeding.  The claim and counterclaim are related to Plaintiff seeking discharge of

Ardmore's debt.  This claim will not burden the bankruptcy court's docket in that Ardmore fully expects this court to stay the proceedings of the state claim and order arbitration. For these reasons, Ardmore believes the court to decline the exercise of discretionary abstention or equitable remand, and to maintain jurisdiction over the removed claim or cause of action.

Respectfully submitted,

ROBERTS, PERRYMAN, P.C.

/s/ John L. Walker
Ted L. Perryman, #02170504
John L. Walker, #06226530
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850
(314) 421-4346 Facsimile
tperryman@robertsperryman.com
jlwalker@robertsperryman.com
Attorney for Defendant Ardmore Finance Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above was filed through the United States Bankruptcy Court's CM/ECF electronic filing system this 14th day of May, 2014:

Shari L. Murphy
The Law Offices of Shari L. Murphy, LLC
P. O. Box 136
Wood River, Illinois 62095-0136
Attorney for Plaintiff

/s/ John L. Walker